[No. 3,280.]

## JAMES A. BLOOD v. JOHN C. FAIRBANKS.

SUIT IN EQUITY BY PARTNER FOR AN ACCOUNTING.—If two men are in partnership for a term of years, in the care and one half the increase of a flock of sheep, under a contract with the owner of the flock, who receives the other half of the increase, and the owner buys the interest of one through fraudulent representations that he has purchased the interest of the other, and then takes possession of the flock and increase, the remedy of the partner who has not sold, is in equity for an accounting, and in such action the partner who sold is a necessary party. In such case an action at law for damages does not lie.

WHEN CASE WILL BE SENT BACK WITH LEAVE TO AMEND COMPLAINT.—When the plaintiff mistakes his remedy and brings an action at law for damages, and his proper remedy is a bill in equity for an accounting, and leaves out a necessary party, but inserts some averments in the complaint which entitle him to some measure of equitable relief, the Ap-

pellate Court will not dismiss the action, but will send the case back, with leave to amend the complaint.

APPEAL from the District Court, First Judicial District, Santa Barbara County.

The plaintiff brought this action for damages, alleging that he and Hewitt took a herd of sheep from the defendant, under a contract of which the following is a copy: ·

"This agreement made at Santa Barbara, California, between John C. Fairbanks of the first part, and James A. Blood and Rosewell R. Hewitt of the second part, witnesseth: That the said party of the first part agrees to furnish to the said parties of the second part twenty-seven hundred American ewes, to be kept, tended, and pastured by the said parties of the second part, in the county of Santa Barbara, for the term of three years from the first day of August, A. D. 1869, at and for one half of the increase thereof; and the said parties of the second part agree to receive the said 2,700 ewes, and to care for, manage, and pasture the same and their increase, and to pay all cost of the tending, range, and shearing of the same and the sacking of the wool, dividing between the parties hereto, and not to remove the said flock or their increase out of the county of Santa Barbara, except by the written consent of the party of the first part first obtained, and at the expiration of three years from the first day of August, A. D. 1869, to return an equal number of grown ewes, viz: 2,700; the balance of the flock shall then be divided into two equal parts, of which one shall belong to the party of the first part, and· the other to the parties of the second part. It is agreed and understood by and between the parties hereto that during the term of this agreement the said parties of the second part shall not take any other sheep into the said flock. It is further agreed that the cost of the rams for the said flock shall be for the first year borne by the party of the first part, and that he shall supply at the rate of twelve rams per thousand head of ewes, and the cost of the rams necessary to be bought after the first year shall

be borne between them, one half by the party of the first part and one half by the parties of the second part. It is further provided, that if the party of the first part shall employ a man to keep, tend the said flock, the said man shall be entitled to receive, as a compensation for his services, one fourth part of the estimated increase of 1000 head of ewes of the said flock, including the wool corresponding to said fourth part of said 1,000 ewes; but the parties of the second part shall be entitled to their half of wool that may be sheared previous to the time that said man shall actually help tend said flock; and the said man who may be furnished to help tend the flock shall bear his proportion of the expenses of the range, and other expenses of tending the flock corresponding to his share of the increase thereof.

(Signed:)    "JOHN C. FAIRBANKS,    [L. S.]
"JAMES A. BLOOD,    [L. S.]
"R. R. HEWITT,    [L. S.]
" Santa Barbara, 28th August, A. D. 1869."

The complaint alleged that the plaintiff and Hewitt received the sheep on the day named in the contract, and from and after said day, cared for and pastured the sheep on the rancho La Colonia, in the county of Santa Barbara, until about the 28th day of February, 1870, when the defendant purchased Hewitt's interest in the sheep and increase and in the contract, and induced Hewitt to sell by false representations that he had purchased from the plaintiff, and that defendant, on said 28th day of February, took all the sheep, and the increase, numbering fifteen hundred, and drove them away without the plaintiff's consent, and refused to deliver them to the plaintiff. There was an averment that the plaintiff had paid out large sums of money for wages of herdsmen, and in the care of the sheep while they were in his and Hewitt's possession, and that the increase of the sheep and wool to which the plaintiff was entitled under the contract up to August 1, 1872, were of the value of eight thousand dollars. Judgement was asked for ten thousand dollars.

The cause was tried by a jury. The plaintiff recovered judgment, and the defendant appealed.

The complaint was not demurred to.

*Charles E. Huse,* for the Appellant.

*Fernald & Richards,* for Respondent.

At the October term, 1872, the Court reversed the judgment, with directions to the Court below to dismiss the action.

*Fernald & Richards* and *Edward J. Pringle,* for the Respondent, filed a petition for rehearing, in which they argued that if the plaintiff had mistaken his remedy, the Court should not dismiss the action, but allow him to make Hewitt a party, and so reach the relief to which he was entitled; and cited *Grain* v. *Aldrich,* 38 Cal. 518; *Poett* v. *Stearns,* 28 Cal. 226, and *Crosby* v. *McDermitt,* 7 Cal. 146.

The following opinion was delivered on rehearing.

By the Court, NILES, J.:

In the former opinion rendered in this case, we said: "Though it is alleged in the complaint that Fairbanks succeeded in effecting a purchase of the interest of Hewitt, through the false representation made to the latter that Blood had already sold, yet, as Hewitt does not appear to complain of the fraud, the sale of his interest to Fairbanks was valid to operate a dissolution of the copartnership, which, it is conceded, had theretofore existed between Blood and Hewitt under their contract with Fairbanks; and the latter having taken possession of the subject-matter of the copartnership, the remedy of Blood is in equity and for an accounting, as in other cases in which an existing copartnership is terminated by the sale of all the interest of one of the copartners in the assets of the firm; and in such a proceeding Hewitt would be a necessary party."

We adhere to the views then expressed; but, as some

facts are averred in the complaint which would entitle the plaintiff to some measure of equitable relief in the nature of an accounting—provided all necessary parties were before the Court—we think the cause should be remanded for a new trial, and that plaintiff have leave to amend his complaint.

Judgment reversed, and cause remanded for a new trial. Remittitur forthwith.