SWEETZER, PEMBROKE & CO. ET AL. V. H. B. CLAFLIN & CO.

No. 3129.

1. **Same Cause of Action — Amendment.** — Plaintiffs below in an attachment suit upon several claims described one note as having been "made, executed, delivered, and indorsed to said plaintiffs," and "indorsed as follows, to-wit, Dreben & Lewis." By amendment plaintiffs alleged that the note of Dreben & Lewis was made payable to themselves, and was thereafter indorsed by them in blank to Isaac Lewis, and that it was afterward indorsed and delivered by said Lewis to plaintiffs. The original and amendment contained an accurate description of the note. Intervenors in the attachment suit moved to set aside the attachment as to the note, as a new cause of action. *Held:*

1. The same debt is accurately and fully described in each pleading, the only difference being in the allegations in regard to the means by which plaintiffs became owners; the trial court correctly treated the note as being the identical debt described in each of the pleadings of plaintiffs.

2. The plaintiffs had the right to amend their pleadings by correcting their allegations as to the means by which it reached them without impairing the attachment.

3. While an intervenor in attachment proceedings may not have the right to attack the attachment for irregularities, yet should a new debt in fact be substituted the intervenors would be entitled to protection against such new debt as basis for the attachment.

2. **Bill of Exceptions.**—See example of bill of exceptions so incomplete and obscure in its statement of the matters complained of as to prevent their discussion on appeal.

APPEAL from Marion. Tried below before Hon. JOHN L. SHEPPARD.

The former appeal, 74 Texas, 667, contains a partial statement of this case. This opinion, taken with the report of the first, presents a full statement of the case.

*George T. Todd,* for appellants.—1. The rights and liens of appellants as intervenors in the case are, both in law and equity, superior to

the attachment lien of plaintiffs to the extent at least of the note for $8746.29, and that much of plaintiffs' claim should be postponed until after the intervenors are paid their claims. Intervenors are also entitled to this relief in this suit. Graves v. Hall, 27 Texas, 154; Pool v. Sanford, 52 Texas, 633, et seq.; Nenney v. Schluter, 62 Texas, 329; Grabenheimer v. Rindskoff Bros., 64 Texas, 49; Johnson & Co. v. Heidenheimer, 65 Texas, 263; Freiberg v. Freiberg, 74 Texas, 127.

2. Solomon Dreben was a proper and necessary party defendant, and as such could be forced to testify by any of the adverse parties; and his statement made on oath, and the effect of his standing mute and refusing to testify, are material facts which affect and bind all parties and the entire case. Rev. Stats., art. 2243; Teas v. McDonald, 13 Texas, 354–355; Wells v. Groesbeck, 22 Texas, 435; Friend v. Miller, 62 Texas, 178.

*C. A. Culberson*, for appellees.—1. The court properly sustained the motion to strike out the motion to "quash and dismiss the attachment lien herein," because:

(1) The motion being to dismiss the entire lien, if the facts therein alleged were true it would only authorize a dismissal to the extent of the note for $8746.29.

(2) It not appearing as a fact on the record that the note described in the original petition was a different note from that set out in the third amendment, the question should have been raised by sworn plea instead of by motion. Donelly v. Elser, 69 Texas, 286; 1 Wade on Attach., sec. 285.

(3) The appellants being strangers to the action, were not authorized to appear for the purpose of quashing the attachment. Nenney v. Schluter, 62 Texas, 328; 1 Wade on Attach., sec. 286.

(4) The note is copied in full in the first and third amended petitions, and by comparison is shown to be identical.

2. The court did not err in admitting the note in evidence. Besso v. Southworth, 71 Texas, 765; Torrey v. Cameron, 74 Texas, 187; Cotulla v. Goggan, 77 Texas, 32; Spencer v. McCarty, 46 Texas, 213; Thouvenin v. Lea, 26 Texas, 614; McIlhenny v. Lee, 43 Texas, 205; Lee v. Boutwell, 44 Texas, 151; Thompson v. Swearengin, 48 Texas, 555; 2 Greenl. on Ev., secs. 155, 163; 1 Greenl. on Ev., sec. 73; 2 Phil. on Ev., p. 4, note 5; Dibbrell v. Ireland, 1 Ct. App. C. C., sec. 300; Eakins v. Ins. Co., Id., sec. 1234.

HENRY, Associate Justice.—This is the second appeal in this cause. A statement of the case as it then appeared will be found in the opinion upon the first appeal. See Sweetzer, Pembroke & Co. v. Claflin & Co., 74 Texas, 667.

Upon the return of the cause to the District Court the plaintiffs, H. B. Claflin & Co., amended their petition so as to charge that the note of Dreben & Lewis for $8746.29, which is copied in the said opinion, was made payable to the order of themselves and was thereafter indorsed by them in blank and delivered to Isaac Lewis, and that it was afterward indorsed and delivered by said Lewis to plaintiffs.

The allegations in regard to the note contained in the third and last amended petition are in every respect the same as those contained in the original petition, on which the attachment was sued out, except in the following particulars: In the original petition the note is charged to have been "made, executed, delivered, and indorsed to said plaintiffs," and "indorsed as follows, to-wit, Dreben & Lewis." The note is correctly copied in each petition.

An attachment was sued out when the original petition was filed by the plaintiffs H. B. Claflin & Co. against the defendants Dreben & Lewis, upon several debts, including the above described note, upon an affidavit which was in every respect accurate and correct.

After plaintiffs had filed their amendment correcting their allegations in respect to the delivery and indorsements of the above described note, Sweetzer, Pembroke & Co. and others, who had sued out attachments against Dreben & Lewis and intervened in this cause, charging that the above described note was fraudulent, filed a motion to quash the attachment on the following ground: "Because the cause of action presented by the third amended petition to the extent of the note for $8746.29 is a new, different, and distinct cause of action, in this, that the note sued on originally is shown to have been executed and delivered to the plaintiffs directly, and this now sued on by amendment is alleged to have been executed and delivered to one I. Lewis; wherefore they say there is no affidavit nor bond to support attachment therefor."

The court, upon the motion of the plaintiffs, struck the motion to quash from the files, and its action in this respect is now complained of.

We do not think that the objection that the amendment set up a different cause of action can be maintained. The same debt is accurately and fully described in each pleading. The only difference in the allegations is in regard to the means by which the plaintiffs became the owners of the note. We think that the note was correctly treated by the court, in all of its rulings on the issue, as being the identical debt described in each one of plaintiffs' pleadings, notwithstanding the change of their allegations in regard to the manner of its acquisition by them. The plaintiffs had the right, as against the defendants, to amend their pleadings as they did without impairing the validity of the attachment proceedings. It has been declared by this court that intervenors in attachment suits can not defeat the attachment for irregularities in the proceedings. Nenney v. Schluter, 62 Texas, 328. If in

fact a new debt had been substituted by amendment for the one upon which the attachment was sued out, the intervenors would have been entitled to protection against such debt in the final judgment, if their case was made out in other respects.

It appears that the defendants at one time filed an answer in the cause, which they subsequently withdrew. A bill of exceptions taken by the appellants shows that at the trial they offered to read in evidence such abandoned pleadings. It appears that they had attached copies of said pleadings to interrogatories filed by them to the defendant Dreben, but what the interrogatories were does not in any manner appear. The commissioner in his return stated that the witness answered the interrogatories as follows, "I don't know," but refused to sign his name to the answer. If it could be admitted that the confessions of the defendant procured in any manner by the intervenors could be used by them against the plaintiffs, we still are not able to say from this incomplete and obscure statement that an error was committed in refusing the evidence.

We find no error in the proceedings, and the judgment is affirmed.

*Affirmed.*

Delivered December 11, 1891.