**SCHAUER et al. v. VON SCHAUER.**

(Court of Civil Appeals of Texas. Austin.
April 26, 1911. Rehearing Denied
May 31, 1911.)

1. LIMITATION OF ACTIONS (§ 127*)—AMENDED PLEADINGS—NEW CAUSE OF ACTION.

Plaintiff's petition in an action on a note alleged a gift of the note by his father, the payee, and in his amended petition, filed more than four years after the maturity of the note, he predicated his rights to recovery upon an estoppel and a parol partition of several notes between himself, his sister, and defendant. *Held* that, as the same debt was relied on for recovery, and the amended petition only elaborated the means by which plaintiff became owner of the note, and the grounds upon which the suit was based, it stated no new cause of action, and hence the action was not barred by limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 543–547; Dec. Dig. § 127.*]

**2. BILLS AND NOTES (§ 487*) — ACTION — AMENDED PLEADINGS — DISCRETION OF COURT.**

At the trial of an action on a note plaintiff, after offering a note payable to his order, which was objected to on the ground that the note declared upon was made payable to plaintiff's father, was allowed to amend his petition by·inserting the word "order" therein. *Held,* that the allowance of the amendment was within the discretion of the trial court.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1575–1583; Dec. Dig. § 487;* Pleading, Cent. Dig. § 703.]

**3. EVIDENCE (§ 471*)—CONCLUSIONS—FACTS—TITLE AND OWNERSHIP.**

In an action on a note which plaintiff claimed as a gift from his father, plaintiff was allowed to testify, "I am the owner of said note. Said note was given me by my father * * * during his lifetime." *Held,* that the testimony was not objectionable as being the opinion and conclusion of a witness on a mixed question of law and fact.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2171; Dec. Dig. § 471.*]

**4. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.**

Where the plaintiff in his action on a note which he claimed as a gift from his father, stated all the facts in connection with his ownership of it, his testimony that he was the owner of the note and that it was given to him by his father during his lifetime, if objectionable as a conclusion of a witness, was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4153–4160; Dec. Dig. § 1050.*]

**5. APPEAL AND ERROR (§ 1050*) — HARMLESS ERROR — ADMISSION OF EVIDENCE — FACTS OTHERWISE ESTABLISHED.**

In an action on a note claimed by plaintiff as a gift from his father, and also under an oral partition of his father's estate, in which plaintiff was permitted to state that he had received letters in which the defendant acknowledged his ownership of the note, the letters to which this reference was made being in evidence, the statement was apparently more to identify the letters than to show their contents, so that the statement, if erroneous, was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4166; Dec. Dig. § 1050.*]

**6. EVIDENCE (§ 471*) — CONCLUSIONS — MATTERS OF FACT—ORAL PARTITION OF PROPERTY.**

In an action on a note claimed by the plaintiff under an oral partition of his father's estate, testimony of his brother, a witness for defendant, that his father had partitioned his property, and that he had received his part of it several years ago, and that he had received nothing since his father's death, is not an opinion or conclusion, but is proper as a statement of a fact.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2171; Dec. Dig. § 471.*]

**7. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—ADMISSION OF EVIDENCE—IRRELEVANCE TO ISSUE.**

The admission of evidence irrelevant to the issues before the court, and which could not in any way affect the issues, is harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4154; Dec. Dig. § 1050.*]

**8. EVIDENCE (§ 357*) — DOCUMENTARY EVIDENCE—PRIVATE WRITINGS—LETTERS.**

Where letters offered in an action on a note, claimed by plaintiff as a gift, are shown to be in the defendant's handwriting, addressed to the plaintiff, and to discuss the subject of the note and to have been acted upon by the plaintiff, they are admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1492–1499; Dec. Dig. § 357.*]

**9. GIFTS (§ 49*)—INTER VIVOS—IMPLIED DELIVERY.**

An actual delivery of a gift may be implied from circumstances.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. § 97; Dec. Dig. § 49.*]

**10. EVIDENCE (§ 278*) — DECLARATIONS OF DONOR.**

In an action on a note which plaintiff claimed as a gift from his father, declarations of the father that he had given the note to the plaintiff, are competent to prove both the gift and the delivery.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1137; Dec. Dig. § 278.*]

**11. GIFTS (§ 21*)—DELIVERY TO THIRD PERSON FOR DONEE.**

An actual delivery is not always necessary, and, where it is, delivery to a third person for the donee is sufficient.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. § 36; Dec. Dig. § 21.*]

**12. GIFTS (§ 31*)—GIFTS OF NEGOTIABLE INSTRUMENTS — WRITTEN TRANSFER—"GOODS AND CHATTELS."**

Rev. St. 1895, art. 2546, provides that no gift of goods or chattels shall be valid, unless by deed or will duly acknowledged or proven up and recorded. A father holding three notes made by his son, dictated a letter to the son stating that he had given the first note to a daughter, the second to another son, and the third to the son addressed, but this writing was not acknowledged or proven up and recorded. *Held,* that the words "goods and chattels" did not include choses in action, and that the writing, though not acknowledged or proven, was sufficient to constitute a valid gift of the note.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. §§ 58–62; Dec. Dig. § 31.*

For other definitions, see Words and Phrases, vol. 4, pp. 3130–3137; vol. 8, p. 7673.]

**13. GIFTS (§ 49*)—WEIGHT AND SUFFICIENCY OF EVIDENCE — WRITTEN TRANSFER OF NOTE.**

Evidence in an action on a note, which plaintiff claimed as a gift from his father and under a parol partition of his father's estate, *held* sufficient to sustain a judgment for plaintiff on the ground of a written declaration by the father constituting a valid gift.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. §§ 95–100; Dec. Dig. § 49.*]

**14. BILLS AND NOTES (§ 452*)—ACTION—DEFENSES—WANT OF TITLE.**

Defendant, in an action on a note, claimed by the plaintiff to have been given him by their father, the payee, and under a written statement reciting a gift of one of several notes made by defendant to a brother, plaintiff herein, and one to himself, acquiesced in this disposition of the notes and promised to pay it to plaintiff with an increased rate of interest for an extension of time, and demanded and received the note given to him by his father at the same time. *Held,* that he was estopped from denying plaintiff's ownership of the note sued upon.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 452.*]

Appeal from District Court, Tom Green County; J. W. Timmins, Judge.

---

Action by Anton Von Schauer against Charles Schauer and Mrs. Ella Schauer as independent executrix of his estate. Judgment for plaintiff, and defendant Mrs. Ella Schauer appeals. Affirmed.

Cornell & Wardlaw and Hill, Lee & Hill, for appellant. Wright, Wynn & Bartholomew, for appellee.

RICE, J. In 1901 Gen. Leo Von Schauer and his wife, Caroline, resided in Vienna, Austria, and were the parents of Anton Von Schauer, Marie Von Schauer, Charles and Otto Von Schauer. The two former resided in the same city with them, and the latter two in Crockett county, Tex. Gen. Leo Von Schauer died September 16, 1902, and his wife, Caroline, on December 23d of the same year. On the 24th of December, 1901, Charles Schauer and his wife, Ella Schauer, executed and delivered to Gen. Leo Von Schauer their three promissory notes of even date therewith, each for the sum of $1,333.33⅓, payable to his order at Vienna, Austria, bearing interest at the rate of 5¼ per cent. from June 1, 1902, until paid; the first due and payable on or before June 1, 1902, the second on or before June 1, 1903, and the third on or before June 1, 1904. A few days before the death of Gen. Leo Von Schauer he gave the first one of these notes to his daughter, Marie, and the second to his son Anton, the plaintiff in this case. An actual delivery of the same, however, seems not to have been made during his lifetime, but each of said notes was kept by his wife, Caroline, with his effects where they were found after his death. Some 10 days only before the death of Gen. Von Schauer he dictated to his wife a letter to his son Charles Schauer, in which he stated that he had given the first of said notes to his daughter, Marie Schauer, the second to his son Anton, and the third to Charles himself. This letter was sent to Charles Schauer, by whom the same was afterwards received. It was proven, both by Anton Von Schauer and Dr. Linke, that Gen. Von Schauer, during his lifetime, in his last illness and a few days before his death, while having in his hands the two first notes above mentioned, stated that the first note he gave to his daughter, Marie, and the second to his son Anton. Subsequent thereto it appears that Charles Schauer, by letters addressed both to his brother Anton and to Dr. Linke, as well as to his mother, acknowledged the gift by his father of said last-mentioned note to himself, and acquiesced in those made to his brother and sister as above mentioned, and requested both his brother and sister to extend the time of payment of said notes given to them, promising, in consideration of such extension, to pay 10 per cent. interest thereon, instead of the 5¼ per cent. named therein. It is also shown that he requested the third note to be sent to him, and wrote both to Dr. Linke and his brother Anton that he would not pay either of the first two notes until the last note was sent to him, which it seems had not been forwarded at that time, but was subsequently sent to him by Anton.

This suit was originally filed in October, 1904, in the district court of Crockett county as against both Charles Schauer and his wife, Ella, to enforce the collection of the second note above described, but by agreement of the parties the venue of the case was changed to Tom Green county, where it was tried. During the progress of the litigation Charles Schauer died, leaving a will, appointing his wife, Ella, independent executrix of his estate, and she qualified as such, and in such capacity was made party defendant to the suit. In the original petition plaintiff sought to recover alone upon the gift made to him by his father, but in the fourth amended petition upon which the case was tried he predicated his right to recover not only upon the gift, but likewise pleaded an estoppel and a parol partition of the notes between himself and his brother and sister. Defendants answered by general demurrer and special exceptions and a general denial; and Mrs. Ella Schauer pleaded coverture, and that the note sued on was not given for necessaries or for the benefit of her separate property. There was a nonjury trial resulting in a judgment in favor of plaintiff against Mrs. Ella Schauer as independent executrix of her husband's estate, but no judgment was rendered against her in her individual right, and none was asked.

[1] While numerous assignments are presented by appellant's brief, we will only consider such of these as are deemed necessary for the proper disposition of this appeal. Appellant excepted to the second and third counts of plaintiff's petition setting up estoppel and a parol partition, for the reason, as she alleged, that these allegations set up a new cause of action which was barred by the statutes of two and four years' limitation at the time the same was pleaded; and this forms the basis of her first assignment of error. If the amendment constituted a new cause of action, appellant's contention is right, because the amendment was not filed until four years after the maturity of the note sued on; but we do not think the amendment does this. The same debt is relied on for recovery, and the only difference in the allegation is in regard to the means by which the plaintiff became the owner of the note. It is always permissible and proper for a plaintiff, by amendment, to elaborate the grounds upon which his suit is based, and an amendment which merely does this, but relies upon the identical debt described in the original petition, notwithstanding the change of allegations in regard to the manner of its acquisition, is not the statement of a new cause of action; for which reason this assignment

is overruled. See Sweetzer, Pembroke & Co. v. Clafflin & Co., 82 Tex. 515, 17 S. W. 769; Adams v. Johnson, 51 Tex. Civ. App. 583, 113 S. W. 177; Hitson v. Hurt, 45 Tex. Civ. App. 360, 101 S. W. 292; Cotter, Truelove & Co. v. Parks, 80 Tex. 539, 16 S. W. 307; Landa v. Obert, 78 Tex. 41, 14 S. W. 297; Ball v. Britton, 58 Tex. 63.

[2] On the trial plaintiff offered the note sued upon in evidence. It was objected to by appellant on the ground that the note declared upon was made payable to Leo Von Schauer, while the note offered was payable to his order. Whereupon plaintiff, over appellant's objection, was allowed to amend the petition by inserting the word "order" therein. Appellant insists that this should have been incorporated in a trial amendment, and that it was error to insert it as was done. There was no error in this, because the matter was within the discretion of the court, and the amendment was proper.

[3-5] The third assignment questions the correctness of the ruling of the court in permitting the plaintiff, over appellant's objection, to testify, "I am the owner of said note. Said note was given me by my father, Leo Von Schauer, during his lifetime," upon the ground that the same was not the statement of any fact, to which the witness could testify, but was the opinion and conclusion of the witness upon a mixed question of law and fact. This objection is overruled, because we believe it was competent for the witness to state that the note was his property, and that the same was given to him by his father. This is but the statement of a fact. But even if we were incorrect in this, the witness did, in detail, state all the facts in connection with his testimony upon this subject. For a similar reason we overrule the twelfth assignment presenting the same question. Nor do we think there was any reversible error in permitting said witness to state, among other things, that "I have received a number of letters in which Charles Schauer acknowledged my ownership of said note." All of these letters to which this reference was made were introduced in evidence, and we think it is apparent from the record that the testimony objected to was in answer to a question asked, more for the purpose of identifying the letters than for the purpose of showing or intending to show their contents. The case having been tried before the court, even if the testimony should be regarded as technical error, still, we do not think it could have had any harmful effect, for which reason the fourth assignment, presenting this question, is overruled.

[6, 7] Otto Schauer was allowed to testify, over appellant's objection, that his father partitioned his property, and that he received his part of it several years ago, and that he had received nothing since his father's death. This was objected to on the ground that it was the opinion and conclusion of the witness, and called for his opinion upon a mixed question of law and fact. Appellant's proposition, under the fifth assignment presenting this question, insists that it was error, because the petition contained no allegation authorizing the admission of such testimony. The proposition is not germane to the question raised by the assignment; but, apart from this, we do not think the objection is tenable because it was the statement of a fact and not an opinion. Besides, even if it were error, it is harmless, because it could not in any way affect the issue before the court. For a similar reason we overrule the thirteenth assignment presenting the same question.

[8] It is urged by the eighth, ninth, tenth, and eleventh assignments of error that the letters of appellant offered in evidence were improperly admitted, because, as suggested in the proposition thereunder, it was not shown that said letters were received by Anton Schauer. It was shown by the record, without question, that each of these letters was in the handwriting of appellant, and that they referred to and discussed the subject of controversy herein. It further appeared that plaintiff was influenced thereby and acted thereon. Besides this, we think the evidence expressly showed that they were received by the plaintiff; but even if we are mistaken in this, we think they were rendered admissible when it appeared that they were written by appellant addressed to plaintiff, and were acted upon by him. For which reasons these assignments are overruled.

[9, 10] The principal question raised by this appeal is the sufficiency of the evidence to warrant the judgment, it being contended on the part of appellant that the evidence fails to show an actual delivery of the note by Gen. Von Schauer to appellee, and, second, that the evidence is wholly insufficient to show any ownership thereof in appellee by partition or estoppel. With reference to the first proposition it may be said that an actual delivery may be implied from circumstances; and in order to sustain the judgment of the court in this case, we think it was only necessary for the evidence to be sufficient in this respect to satisfy the court that a gift was made of the note by the father to the son. In the somewhat similar case of Lord v. N. Y. Life Ins. Co., 95 Tex. 216, 66 S. W. 290, 56 L. R. A. 596, 93 Am. St. Rep. 827, where the only evidence that the insurance policy (which was the subject of controversy between the wife and sister of the deceased) was in fact given by him to his sister, was the declarations of the deceased during his lifetime showing that fact, Chief Justice Brown of the Supreme Court, then Associate Justice of that court, said: "In order to sustain the judgment of the trial court and the majority of the Court of Civil Appeals, the evidence must be sufficient to justify the finding that Richard Lord

gave the policy of insurance in controversy in this suit to his sister Kate, and delivered it to her in such manner as to pass the title thereto, so that he had no control over the title thereafter. Whether or not there was such a delivery was a question of fact to be tried by the jury, and was capable of proof in the same manner and by the same character of evidence as would establish the gift itself, or any other issuable fact in the case. The declarations of Richard Lord introduced in evidence were competent to prove both the gift and the delivery"—citing Thornton on Gifts, § 230; Hansell v. Bryan, 19 Ga. 167; Sprouse v. Littlejohn, 22 S. C. 358. Continuing, he further said: "We see no reason why the fact of delivery could not be as well proved by declaration as the fact of gift itself, or any other fact about which a party had made a declaration against his own interest."

In Sprouse v. Littlejohn, supra, it is said: "It is true, delivery must be proved, but this is a question of fact for the jury, and inasmuch as there can be no complete and legal gift without delivery, the very use of the term 'gift' or 'I have given' may sometimes be intended to include the delivery; and where, therefore, such declarations have been used by the donor, and they are admitted by the court as competent, we think it ought to be left to the jury to say whether the gift has been proved, including the delivery, and it ought not to be laid down as a rule of law to govern the jury that such declarations in themselves are insufficient to prove the gift."

[11] In the present case the testimony shows clearly and without doubt that the father stated that he had given the identical note in question to his son the plaintiff. This declaration is proven by several witnesses. Besides this, he dictated a letter to his wife addressed to Charles Schauer, appellant, in which he recites that he gives the first note to his daughter, Marie, the second note to his son Anton, and the third to appellant. The mother, who knew of this gift, took charge of the note in question, and kept it among the effects of the deceased, and after his death delivered it, in accordance with such bequest, to plaintiff. The father was then on his deathbed, and it is not shown that he had any control or exercised any dominion over the notes after this declaration and written statement. If an actual manual delivery were required, is this evidence not sufficient for the court or jury to find that the note in fact was delivered? But an actual delivery is not always necessary; and even where it is, the delivery to a third person for the donee is sufficient. Walker v. Erwin, 47 Tex. Civ. App. 637, 106 S. W. 164. See, also, 20 Cyc. on the subject of Gifts, pp. 1195 to 1199, inclusive. In Walker v. Erwin, supra, it is said, as shown by the syllabus, that: "The actual manual delivery of a deed need not be shown, but its delivery and acceptance may be established by circumstances showing an intention to deliver and receive title."

[12, 13] We think the facts in the present case are stronger in support of the gift than those in Lord v. N. Y. Life Ins. Co., supra, and that we might rest an affirmance of the judgment in this case alone upon the law as there declared, since the delivery may be implied from the declarations of the donor himself, which were ample in this case to show, not only the gift, but the delivery of the note in question. But in addition to this view, it may be said that there was an actual written transfer of all of these notes by the father, which would vest title in the donees, irrespective of delivery; and it was not necessary that this written statement should have been acknowledged or proven up in order to convey title, as ordinarily required under article 2546 of the Revised Civil Statutes, which provides that "No gift of any goods or chattels shall be valid unless by deed or will duly acknowledged or proven up and recorded, or unless actual possession thereof shall have come to and remained with the donee or some one claiming under him," because it has been held that the words "goods or chattels," as therein used, do not include or embrace choses in action; and that therefore a writing, evidencing the gift of a note or other chose in action, is valid without being proven or acknowledged, as required by the article of the statute above quoted. See Cowen v. First Nat. Bank of Brownsville, 94 Tex. 547, 63 S. W. 532, 64 S. W. 778, where Justice Williams held that a written transfer of certificates of deposit belonging to the maker but in possession of another, which though not acknowledged or recorded nor accompanied by a change of possession, was held sufficient to constitute a valid gift of the deposit to the donee named in the instrument. Under the authority of the last-named case the written statement made by General Von Schauer, giving to his daughter and to his sons Anton and Charles the three notes in question, was, in our opinion, sufficient to constitute a valid gift. We therefore hold that under the evidence, the court was amply warranted in rendering judgment for the plaintiff on this ground alone.

But, outside of this, it is urged on the part of appellee that appellant, by reason of his conduct, acts, and declarations, showing an acquiescence in the gift by his father of the notes in question, together with the receipt and acceptance of one of them by himself, upon which plaintiff relied and was induced to act, was sufficient to estop appellant from denying the gift. In 16 Cyc. 785, in discussing the subject of a quasi estoppel, it is said: "Where a person has, with knowledge of the facts, acted or conducted himself in a particular manner, or asserted a particular claim, title, or right, he cannot afterwards

assume a position inconsistent with such act, claim or conduct to the prejudice of another." Again it is said in the same volume, p. 787: "Where one having the right to accept or reject a transaction, takes and retains benefits thereunder, he becomes bound by the transaction and cannot avoid its obligation or effect by taking a position inconsistent therewith."

[14] In the present case it appears that appellant, soon after the death of his father, was fully apprised of the fact that his father had given the first note to his sister, Marie, the note sued on to the plaintiff, and the last one to himself. He acquiesces in this disposition of these notes, promising to pay them to plaintiff and his sister, asks for an extension of time for payment, and promises to pay an increased rate of interest for the indulgence, and finally demands and receives the last note which was given him by his father's bequest. We do not believe, after this conduct on his part, that he can be heard to question plaintiff's right to the note in suit; for which reason we likewise think the judgment can be sustained.

The remaining assignments have all been considered and are overruled.

Believing that the very justice of this case has been reached, and finding no error in the proceedings of the court below, its judgment is affirmed.

Affirmed.