[Civ. No. 1265.   First Appellate District.—June 11, 1913.]

## S. A. BORN, Appellant, v. ALBERT E. CASTLE et al., Respondents.

VENDOR AND VENDEE—DESTRUCTION OF PUBLIC RECORDS—REJECTION OF TITLE AND RECOVERY OF DEPOSIT.—Where the public records are destroyed by fire after a contract to purchase real estate has been made, the vendee may, within the time allowed by the contract for examining the title and curing defects therein, reject the title and recover the money deposited on account of the sale.

ID.—MISTAKE AS TO EXECUTION OF CONTRACT—AMENDMENT OF COM-
PLAINT TO CONFORM TO PROOF.—If in such action to recover the
deposit the plaintiff learns for the first time at the trial from evi-
dence introduced by the defendants that the contract sued on had
not been executed by the defendants and that they were relying on
another contract which he had not executed, it is error to refuse
leave to amend the complaint to conform to the proof and thereby
save the cause of action from the statute of limitations.

ID.—AMENDMENT CHANGING CAUSE OF ACTION—WHAT IS NOT.—If both
the complaint and the amended complaint have the same object in
view, viz., to recover the amount of money deposited by the plain-
tiff with the defendants on account of the purchase of a certain
piece of real estate, the cause of action is the same in both
complaints, although the proof necessary to support the one is not
entirely identical with that required by the other.

ID.—AMENDMENTS AT TRIAL—LIBERALITY IN ALLOWING.—As to amend-
ments at the trial, generally speaking, great liberality is indulged,
if the defendant is not prejudiced thereby and the ends of justice
will be subserved, and provided always that the issues to be decided
are not wholly changed. This is especially true where the evidence
has been received without objection and the amendment is made
to conform thereto, or where the filing of the amended complaint
will save a claim from the bar of the statute of limitations.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco and from an order refusing
a new trial. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Randolph V. Whiting, for Appellant.

J. K. Johnson, for Respondents.

KERRIGAN, J.—This is an action to recover the sum of
two thousand dollars paid as a deposit on account of the pur-
chase of real property.

The appeal is by plaintiff from the judgment and from an
order denying his motion for a new trial.

The circumstances attending the negotiations for the sale
of the property and the payment of the deposit are as follows:

Baldwin & Howell, real estate dealers in San Francisco, at
no time mentioned in this case had any agreement in writing
to sell the property described in the complaint. David

Hirschler, an employee of Baldwin & Howell, called on the defendants for the purpose of getting such an authorization, but his request was refused. He was told, however, that the first real estate agent who would come to the defendants with a *bona fide* offer at a named price would get the property for sale. This was on the twelfth day of March, 1906. Thereafter, on the same day, Edward M. Long, another employee of Baldwin & Howell, called upon Geo. F. Lyons, the agent of the plaintiff, with a view to effecting a sale of the defendants' property to the plaintiff, with the result that a form of contract was then drawn up, under the terms of which the plaintiff was to purchase the property for a certain amount, and on account of which he was to pay a deposit of one thousand dollars. The writing also provided that the plaintiff was to have sixty days to examine the title to the property, and further set forth the circumstances under which the deposit of one thousand dollars was either to be forfeited or returned. Time was made of the essence of the contract, and it also included a provision that it was made subject to the approval of the owner of the property. Lyons, for his principal, the plaintiff, paid the deposit of one thousand dollars and executed the contract. On the same day this writing so executed was presented to the defendants, but they refused to approve it; and thereupon caused a new agreement of sale to be prepared, differing from the one described in that it required the purchaser to make a deposit of two thousand dollars instead of one thousand dollars, and shortened the time to examine title from sixty to thirty days. This writing was signed and approved by the defendants, but through some oversight it was not presented to the plaintiff for his approval, and he did not see it or know of its existence until the time of the trial, over four years later. However, on the day on which these writings were drawn up, Long, representing Baldwin & Howell, informed the plaintiff that the owners demanded an additional one thousand dollars deposit. Plaintiff acceded to this demand, and was allowed to believe that the original contract with the one exception just noted had been approved by the owner. The result is of course that neither contract was signed by both parties, and both were under a misapprehension as to the terms to which the other had agreed.

On the 18th day of April, 1906, a great fire destroyed all the record titles to real property in San Francisco, where the property here involved is situated. Subsequently, after the expiration of the thirty days provided in the second agreement of sale but within the time fixed in the first one (taking into account certain holidays declared by the governor of the state following said conflagration), the plaintiff rejected the title upon the ground that there was no public record of the property described in the complaint. It is admitted that the record of title to the property was not restored within the sixty days provided by the form of contract executed by plaintiff for curing defects in the title.

Upon demand the defendants refused to return the deposit, the alleged defects of title not having been reported within the thirty days allowed by the form of contract executed by the defendants, whereupon this action to recover the same was commenced.

If the contract upon which plaintiff sues had been, as plaintiff clearly supposed it was, executed by the defendants, the public records having been destroyed, he would have been entitled as he claims to the return of the deposit. (*Hooe* v. *O'Callaghan,* 10 Cal. App. 567, [103 Pac. 175] ; *Title etc. Restoration Co.* v. *Kerrigan,* 150 Cal. 289, [119 Am. St. Rep. 199, 8 L. R. A. (N. S.) 682, 88 Pac. 356] ; *Crim* v. *Umbsen,* 155 Cal. 697, [132 Am. St. Rep. 127, 103 Pac. 178] ; *Easton* v. *Montgomery,* 90 Cal. 307, [25 Am. St. Rep. 123, 27 Pac. 280] ; *Allen* v. *Globe etc. Milling Co.,* 156 Cal. 286, [104 Pac. 305] ; *Reed* v. *Sefton,* 11 Cal. App. 88, [103 Pac. 1095].) And plaintiff asserts that whatever may be said as to the existence of the agency of Baldwin & Howell prior to the time their employee took the contract to the defendants for approval, it cannot be questioned that from the time Baldwin & Howell procured from the defendants the second form of contract, signed by them, they were the agents of the defendants for the purpose of consummating the proposed sale. If this is true, the neglect of such agents to communicate to the plaintiff all the changes proposed by the defendants to the form of contract submitted to them is chargeable as the neglect of the defendants; and that the plaintiff, having been allowed to believe that the original contract had been accepted save with regard to the amount of the deposit, and upon that

theory having made the deposit, the defendants are estopped from now asserting that the contract under which plaintiff supposed he was acting had never been executed or approved by them. However this may be, the conclusion we have reached upon another point presented by the plaintiff renders it unnecessary for us to decide whether he may under the circumstances invoke the principle of estoppel.

As before stated, it was not until some time during the trial of the action that the plaintiff learned that the contract upon which he had brought suit had not been accepted or approved by the defendants. The evidence showing this was introduced by the defendants. Thereupon and before the submission of the case plaintiff asked leave of the court to file an amended complaint conforming to this proof, which leave the court refused to grant on the ground that it would substantially change the cause of action.

This we think was error. The proposed amended complaint sets up in detail the facts of the case as shown by evidence introduced by defendants, and the circumstance that plaintiff knew nothing about the mutual mistake concerning the execution of the contracts until the trial of the action. As to amendments at the trial, generally speaking, great liberality is indulged if the defendant is not prejudiced thereby and the ends of justice will be subserved, and provided always that the issues to be decided are not wholly changed. This is especially true where the evidence has been received without objection and the amendment is made to conform thereto, (Pomeroy's Code Pleadings, 4th ed., sec. 457; 1 Sutherland's Code Pleading, etc., sec. 792), or where the filing of the amended complaint will save a claim from the bar of the statute of limitations. (2 Abbott on Trial Briefs, 2d ed., p. 1842; 1 Ency. of Plead. & Prac. p. 600).

In this case the defendants knew from the beginning of the action that plaintiff was honestly depending upon a contract not executed, and the evidence to which it is desired that the complaint shall conform was introduced by defendants, so it cannot be said that they were surprised by the amendment, or that any injustice will result to them if it be allowed. The plaintiff was guilty of no laches, and permission to file the amended complaint will save plaintiff's claim from the operation of the statute of limitations. Therefore the ends of

justice demand that leave to file the amended complaint be granted, unless it can be said that the amendment will wholly change the cause of action. This we think it will not do.

Both the complaint and the amended complaint have the same object in view, viz., to recover the amount of money deposited by the plaintiff with the defendants on account of the purchase of a certain piece of real estate. Hence the cause of action is the same in both complaints, although the proof necessary to support the one is not entirely identical with that required by the other.

The authorities sustain this view. In the case of *Lackner* v. *Turnbull*, 7 Wis. 95 (105), referred to with approval in *Frost* v. *Witter*, 132 Cal. 421, 427, [84 Am. St. Rep. 53, 64 Pac. 705], the plaintiff was permitted to file an amended complaint changing the action from *assumpsit* for work and labor performed, to one on a mechanics' lien, the court saying: "We do not think that in strictness the amendment which was made . . . did change the cause of action. It only changed the remedy . . . but the 'cause of action,' or in other words, the labor performed and materials furnished (and it should be added the corresponding obligation) were the same whether the plaintiff proceeded under the original or amended complaint."

"Mistakes," says Abbott in his work on Trial Briefs, at page 1798, volume 2, "in the statement of the subject matter of the action . . . may be corrected by amendment . . . so long as the identity of the claim remains."

In the case of *Sweetzer* v. *Claflin*, 82 Tex. 513, [17 S. W. 769], the same debt was differently described in two complaints, but this it was held did not constitute a change of the cause of action.

The rule is thus stated in 1 Encyclopedia of Pleadings and Practice, 564: "As long as the plaintiff adheres to the contract or the injury originally declared upon, an alteration of the modes in which the defendant has broken the contract or caused the injury is not an introduction of a new cause of action. The test is whether the proposed amendment is a different matter—another subject of controversy—or the same matter more fully or differently laid to meet the possible scope and varying phases of the testimony."

In *Strang* v. *Branch Circuit Judge,* 108 Mich. 229, [65 N. W. 969], the action under two declarations was quite different, but as both were for the same property it was held that there had been no change of the cause of action.

Other cases tending to support the view here taken are *Frost* v. *Witter,* 132 Cal. 421, [84 Am. St. Rep. 53, 64 Pac. 705] ; *Milner* v. *Stanford,* 102 Ala. 277, [14 South. 644] ; *Liverpool & L. & G. Ins. Co.* v. *Ellington,* 94 Ga. 785, [21 S. E. 1006] ; 31 Cyc. 412, 414; *Blood* v. *Fairbanks,* 48 Cal. 171; *Grain* v. *Aldrich,* 38 Cal. 514, [99 Am. Dec. 423].

The claim made by the plaintiff, considered either as a cause of action arising upon contract or as one for money had and received, could have been set out separately as different causes of action in one complaint; and this, according to the rule adopted in some jurisdictions, is the test as to whether or not an amendment shall be allowed. (31 Cyc. 412.) Another test suggested by the New York courts to ascertain whether a new cause of action has been introduced by an offered amendment is to learn if ''a recovery on the original complaint would be a bar to a recovery upon the amended complaint.'' (2 Abbott's Trial Briefs, 1826.)

Hence, measured by any of these rules, we find the amended complaint does not change the nature and scope of the action; and since the case can be fully and fairly presented by the amendment on its merits and without any injustice to the defendants, it follows that it should be allowed.

The judgment and order are reversed, and the court below is directed to permit plaintiff to file the amended complaint.

Lennon, P. J., and Hall, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 9, 1913.