[Civ. No. 1458. First Appellate District.—March 27, 1915.]

## I. R. MACKROTH, Respondent, v. CHARLES SLADKY, Appellant.

ACTION FOR MONEY HAD AND RECEIVED—PLEADING—AMENDMENTS—RULE.—Liberality in the allowance of an amendment to a pleading is the rule rather than the exception; and in cases where such an amendment can be made in furtherance of justice without jeopardizing the rights of an adverse party, it should freely be allowed. This of course assumes that neither the cause of action, nor the issues involved therein will be radically changed by the proposed amendment.

ID.—AMENDMENT TO COMPLAINT—WHEN PROPER.—Where the original complaint, although stated in the form of an action for moneys had and received, was, as indicated by the plaintiff's bill of particulars, in fact founded upon an agreement to divide the commissions received by the defendant for the sale of certain property, which property procured to be placed in his hands through the intercession of plaintiff, for the purpose of negotiating a sale, there was no error in allowing the plaintiff before the final hearing of the case to file an amended complaint which set forth an oral agreement and facts in substance the same as plaintiff's bill of particulars disclosed, as the original and amended complaints dealt primarily and practically with the same subject-matter, and to all intents and purposes, sought precisely the same relief.

ID.—SAME CAUSE OF ACTION—TEST OF.—The test as to whether a new cause of action has been introduced by the offered amendment is to learn if the recovery on the original complaint would be a bar to a recovery on the amended complaint; and the fact that the proof required to support the cause of action stated in the amended complaint might be different from that offered and received in the original complaint would not necessarily tend to show that the amended complaint stated a new and entirely different cause of action.

ID.—REAL ESTATE BROKERS—ORAL AGREEMENT TO SHARE COMMISSIONS—VALIDITY OF.—An agreement between two real estate brokers to share commissions need not be in writing; and therefore in such a case the obligation of the defendant would be the same whether founded upon a written or oral agreement.

ID.—AMENDMENT—STATUTE OF LIMITATIONS.—The fact that the oral agreement offered and relied upon for a cause of action in the amended complaint would have been barred by the statute of limitations at the time when the amended complaint was filed, did not preclude the lower court in the exercise of its discretion from granting plaintiff's motion to amend, where the amended complaint did not present or in any wise involve a new or entirely different cause of action from that stated in the original complaint, as the amended complaint related back to the date on which the original complaint was filed in so far as the plea of the statute of limitations was concerned.

ID.—SECONDARY EVIDENCE—LETTER OUT OF JURISDICTION.—There was no error in admitting secondary evidence of the contents of a letter written by the plaintiff to one out of the state where the person to whom it was addressed testified that if it was still in existence at the time of the trial it was among his papers in Mexico.

ID.—PROPERTY—FISHING CONCESSION.—Where the court found that the agreement of the parties was to divide equally all commissions which the defendant might receive upon sales of any properties in Mexico secured by defendant from parties introduced to him by plaintiff, a fishing concession was property within the meaning of the contract.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John J. Van Nostrand, Judge.

The facts are stated in the opinion of the court.

J. E. White, and A. A. Montagne, for Appellant.

Clarke & Kinsey, and William M. Sims, for Respondent.

LENNON, P. J.—The plaintiff's original complaint in this action was unverified. It stated a cause of action against

the defendant for moneys had and received in the sum of two thousand five hundred dollars. Pursuant to the defendant's demand therefor the plaintiff served and filed her bill of particulars which, as the foundation of her cause of action, declared that "on July 20, 1909, . . . defendant made, executed and delivered to the plaintiff the following: 'July 20, 1909. In the event of my making a sale I will give one-half the commissions received on any of the Mexican properties I obtain through I. R. Mackroth directly or indirectly. (signed) Charles Sladky.' " The bill of particulars further stated that in accordance with the foregoing memorandum of agreement plaintiff gave to the defendant a letter of introduction to Louis Martinez de Castro, a resident of the state of Sinaloa, Mexico; that some time during the year 1909 the defendant negotiated a sale of certain fishing concessions and business situated in Mexico from said Louis Martinez de Castro to the Pacific Canning & Exploration Co., for which service the defendant received as a commission from de Castro the sum of two thousand five hundred dollars, and that defendant was indebted to the plaintiff for one-half of said sum under and by virtue of the memorandum of agreement previously referred to.

The unverified answer of the defendant consisted of a general denial of the allegations of the plaintiff's complaint; and upon the issues thus framed the case proceeded to trial on March 20, 1912, but before the trial was concluded the trial court, "pursuant to the stipulation of the parties herein in open court," ordered that all of the testimony theretofore offered and received be stricken out. Apparently the trial of the case was thereupon continued by consent to January 28, 1913, at which time by agreement of counsel the trial court ordered that the case be tried *de novo*. Some time between the first and second hearing of the case the plaintiff, pursuant to a motion duly noticed and granted, served and filed an amended complaint, which for a cause of action alleged an oral agreement on the part of the defendant made on or about September 1, 1908, to divide equally with the plaintiff any and all commissions that might thereafter be earned and received by the defendant for making a sale of certain described properties and concessions in the Republic of Mexico which had been previously placed with and through her intercession intrusted to the defendant; that relying on the prom-

ise of the defendant to divide such commissions, the plaintiff in addition placed in his hands for sale a number of different properties in the Republic of Mexico which she, the plaintiff, had already been employed to sell; that the plaintiff gave to defendant a letter of introduction to one Louis Martinez de Castro, the owner of many properties in the Republic of Mexico, and at the same time wrote, addressed, and mailed to said de Castro a separate letter recommending that the defendant be employed to make a sale of such properties as de Castro might be willing to sell; that the letter of introduction which had been forwarded to de Castro by the defendant brought about a correspondence concerning the sale of certain of de Castro's properties, which resulted in the defendant proceeding personally to Mexico, where he met de Castro and procured from him authority to negotiate a sale of certain fishing concessions; that the defendant thereafter and upon returning from Mexico negotiated a sale of said concessions to the Pacific Canning & Exploration Company, for which as a commission de Castro paid to the defendant the sum of two thousand five hundred dollars in gold coin of the United States, which the defendant refused to divide with the plaintiff. The answer of the defendant denied in detail every material allegation of the plaintiff's complaint; and upon the issues thus reframed the case was tried anew. Judgment was entered against the defendant and in favor of the plaintiff for the sum of one thousand two hundred and fifty dollars, from which the defendant has appealed upon a certified record of all of the proceedings had in the lower court.

The ruling of the trial court granting the plaintiff permission to file her amended complaint, was not an abuse of discretion, nor did it prejudice the defendant. "Liberality in the allowance of an amendment to a pleading . . . is the rule rather than the exception; and in cases where such an amendment can be made in furtherance of justice without jeopardizing the rights of an adverse party, it should be freely allowed." (*B. & W. Engineering Co.* v. *Beam*, 23 Cal. App. 164–177, [137 Pac. 624–629].) This of course assumes that neither the cause of action, nor the issues involved therein will be radically changed by the proposed amendment. In the present case the cause of action relied upon in the plaintiff's original complaint, although stated

in the form of an action for moneys had and received, was, as indicated by the plaintiff's bill of particulars, in fact founded upon an agreement to divide the commissions received by the defendant for the sale of property, which was procured to be placed in his hands through the intercession of plaintiff for the purpose of negotiating a sale. This being so, it is obvious that the original and amended complaint deal primarily and practically with the same subject-matter, and to all intents and purposes seek precisely the same relief. As was said in *Born* v. *Castle*, 22 Cal. App. 282, [134 Pac. 347] : "The claim made by the plaintiff, considered either as a cause of action arising upon a contract or as one for money had and received, could have been set out separately as different causes of action in one complaint; and this, according to the rule adopted in some jurisdictions, is the test as to whether or not an amendment should be allowed. Another test suggested by the New York courts to ascertain whether a new cause of action has been introduced by an offered amendment, is to learn if a recovery on the original complaint would be a bar to a recovery on the amended complaint." The fact that the proof required to support the cause of action stated in the amended complaint might be different from that offered and received in support of the original complaint, would not necessarily tend to show that the amended complaint stated a new and an entirely different cause of action (*Born* v. *Castle*, 22 Cal. App. 282, [134 Pac. 347].) An agreement between broker and broker to share commissions need not be in writing. Therefore the obligation of the defendant would be the same whether founded upon a written or an oral agreement; and clearly if the complaint in two counts had separately stated two causes of action, one upon a written and the other upon an oral agreement, the failure of the plaintiff's proof to establish the execution of a written agreement would not have precluded proof of the existence of an oral agreement. In our opinion the situation of the parties under the amendment in question in the present case is in effect not any different from what would be the situation of the parties in the supposed case. Although the plaintiff's proofs in the present case fell short of showing a written agreement by the defendant to divide the commissions in controversy, nevertheless it tended to show the existence of an

oral agrement to that effect, and in no sense altered the iden-
tity or character of the plaintiff's cause of action; and it is
the rule that "Mistakes in the statement of the subject-matter
of the action . . . may be corrected by amendment . . . so
long as the identity of the claim remains the same." (2
Abbott's Trial Brief, 1798; *Third Street Improvement Co.* v.
*McLelland,* 23 Cal. App. 369, [137 Pac. 1089].)

The situation in the present case is essentially different
from that disclosed in the case of *Norton* v. *Bassett,* 158 Cal.
425, [111 Pac. 253], where the supreme court intimated that
it would have been an abuse of discretion to permit an
amendment to a complaint which alleged facts directly con-
trary to those testified to by the plaintiffs upon the first trial
of the case. There the amendment was proffered after a
reversal on appeal of a judgment in favor of the plaintiffs;
and "the amendment was offered nearly six years after the
action was begun, after it had been prosecuted and tried upon
an entirely different theory, and after all the evidence touch-
ing the possession (of the land in controversy) was before
the trial court." Under the circumstances the supreme court
said that "inasmuch as the trial court was satisfied from the
evidence adduced upon the first trial that the plaintiffs were
not in possession of the land, and could not prove such fact
upon a new trial without gross stultification of the evidence
which they had previously given . . . it was not only no
abuse of discretion, but it was the duty of the trial court to
refuse to allow amendments which would effectuate only a
protraction of the litigation without changing the result."
No such situation confronted the trial court in the present
case. In the first place, there is nothing in the plaintiff's tes-
timony as given upon the first and partial hearing of the case
which is absolutely irreconcilable with the theory of the
amended complaint that the obligation of the defendant arose
out of an oral agrement. Moreover, before the conclusion
of the plaintiff's case, and before the court below was given
an opportunity to determine whether or not the obligation of
the defendant was founded upon a written or oral agreement,
the trial of the case, upon the stipulation of the parties, was
halted, all of the evidence which had been received stricken
out, and the trial of the case commenced anew. Surely under

these circumstances it cannot be fairly said that the defendant was surprised or prejudiced by the allowance of the amendment to the complaint.

The fact that the oral agreement pleaded and relied upon for a cause of action in the amended complaint would have been barred by the statute of limitations at the time when the amended complaint was filed, did not preclude the lower court in the exercise of its discretion from granting the plaintiff's motion to amend. As previously pointed out, the amended complaint did not present or in any wise involve a new and an entirely different cause of action from that stated in the original complaint. The present case may be distinguished from the case of *Peiser* v. *Griffin*, 125 Cal. 9, [57 Pac. 690], where the objection "to permitting the amended answer to be filed was that it was not an amendment to the old, but the statement of a new cause of action and one that was barred by the provisions of section 164 of the Civil Code."

The facts of the present case are entirely dissimilar from the facts of the case of *Patterson* v. *Doe,* 130 Cal. 333, [62 Pac. 569]. In that case the plaintiff's cause of action was founded upon an understanding or agreement apparently resting in parol, and the defendants by way of answer pleaded the statute of limitations. On the trial the plaintiff was nonsuited upon the ground that if any agreement had been made between the plaintiff and the defendant, it was not in writing, but by parol, and was therefore barred at the time the action was commenced by the provisions of subdivision 1 of section 339 of the Code of Civil Procedure. Our supreme court held in that case that the nonsuit was properly granted, and that the plaintiff's motion to amend the complaint by adding a count on *quantum meruit* was properly denied because the plea of the two years' statute of limitations would *still* be good to the complaint as thus amended. In the case at bar the statute of limitations was not only not pleaded but could not have been successfully pleaded to the cause of action stated in the original complaint; and the cause of action stated in the amended complaint being in effect the same as that stated in the original complaint, related back to the date upon which the original complaint was filed in so far as the plea of the statute of limitations was concerned. (*White* v. *Soto,* 82 Cal. 654, [25 Pac. 210].)

The trial court did not err in its ruling permitting secondary evidence of the contents of the plaintiff's letter introducing the defendant to de Castro. It was established in evidence that this letter was written and addressed by the plaintiff to de Castro in Mexico. De Castro testified that the letter, if it was still in existence, was at the time of the trial among his private papers in Mexico; and "a letter that is beyond the territory of the state is, within the meaning of the statute, 'lost' so as to allow secondary proof of its contents." (*Zellerbach* v. *Allenberg*, 99 Cal. 57, 73, [33 Pac. 786, 791].)

The trial court in its findings of fact found, among other things, "that in the fall of the year 1908, the plaintiff and the defendant entered into an oral contract to divide equally with the plaintiff all commissions which defendant might receive upon sales of any properties located within the Republic of the United States of Mexico which should be secured by the defendant from any person having such properties for sale, who might be introduced to the defendant by the plaintiff, and with whom the plaintiff might bring defendant into communication or connection."

It is insisted that the evidence does not show that the agreement in suit was intended to cover and control the commissions which the defendant received for negotiating the sale of the fishing concession. This contention is based upon the assumption that the evidence does not show that in the several conversations between the plaintiff and the defendant, which were primarily the basis of the alleged oral agreement, the fishing concessions of de Castro were mentioned in so many words. Conceding this to be so, the fact remains that all that was said and done by the plaintiff and the defendant, coupled with all of the circumstances of the transaction, warranted a finding that the agreement in controversy was intended to cover and control any and all commissions which the defendant might receive for negotiating the sale of any property of de Castro. The fishing concession was property; it was owned by de Castro, and by him placed in the hands of the defendant for sale through the intercession of the plaintiff. Obviously, therefore, the fishing concession, even though not specifically mentioned, at the time of the making of the agree-

ment, by necessary implication, was covered and controlled by the agreement.

The judgment appealed from is affirmed.

Kerrigan, J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 24, 1915.