[No. 3,087.]

## ALFRED DE WITT, JOHN G. KITTLE, AND NICHOLAS G. KITTLE v. WILLIAM L. DUNCAN ET AL.

POWER TO LAY OUT OR CHANGE STREET.—The power to lay out and change streets is in its nature legislative and not judicial, and the Legislature may itself perform those acts, or it may select such agencies for that purpose as it deems proper.

IDEM.—A Court has no jurisdiction to lay out or change a street unless the power to do so is conferred by the Legislature, and when this power is conferred it is a special proceeding.

ENFORCING AN AGREEMENT IN WHICH THERE IS A MISTAKE.—A covenant entered into by all the tenants in common who as such own a block of land in which they intend to lay out a street through the middle of the block, but which is so drawn as to locate the street at a place not in the middle of the block, cannot be enforced according to the intention of the covenantors, without first reforming it so as to make it express the real intention of the parties.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The defendants appealed.

The other facts are stated in the opinion.

*B. S. Brooks,* for Appellants.

The decree was *ultra vires.* The Court had no jurisdiction to make it.

It is a maxim of the law that it is the province of Courts *jus dicere non jus dare.* (*Barry* v. *Mandall,* 10 Johns. 563, 566.) If Nevada street, as described in the judgment, was an open public street, it required no aid of the District Court. If it was not an open public street, the District Court had no power to make it one. What the judgment undertakes to do is to open a street through the middle of block nine, and it is obvious that the Court had no power to do any such thing. The decree takes Mr. Jessup's property and gives it to Mr. De Witt, without compensation made or provided for. No Court could do this, but the District Court had no jurisdiction to open streets or condemn lands.

The power to condemn lands for the public use is a political right exercised by the State by virtue of its sovereignty, and it can be exercised by such agents as the States choose to appoint. When acting under such appointment they do not act judicially, but as Commissioners or agents of the State, though the proceedings may be in form judicial and subject to review. But they differ from judicial proceedings in this essential : that, in such proceedings, rights are created ; in judicial proceedings they are only ascertained and declared.

The only jurisdiction which a Court of law or equity could, by any possibility, have in regard to a public street, would rest upon the fact of its existence. It could not create it. It must first ascertain as a fact that the street existed, and then the Court, having ascertained the right, may proceed to enforce it by removal and prevention of obstructions. But the Court cannot create this right and then proceed to enforce it.

If it were alleged that Nevada street was a public street,

then the Court might say that there was simply an error of expression—that the real meaning of the decree was that the Court intended to decide the fact of the existence of the street, and upon that to predicate its action; but that is not so, because it is alleged again and again in this complaint, and assumed as the basis of this action, that Nevada street is not in the middle of the block, and the object of the suit is to put it there, and consequently the language of the decree precisely expresses the meaning of the Court, which is to create a street where none existed before.

*Patterson & Stow,* for Respondents.

By the Court, RHODES, J.:

The plaintiffs allege that they are the owners of portions· of block number nine, bounded by Folsom, Harrison, Eleventh, and Twelfth streets, in San Francisco; that in 1853, Montgomery, Walker, Davis, and Marshall were seized and in the actual possession as tenants in common of the block; that Eleventh and Twelfth streets had not then been surveyed; that the tenants in common of the block then believed that its width between Eleventh and Twelfth streets was greater than it proved to be on a subsequent survey; that the tenants in common intending to run a street through the middle of the block executed a covenant in writing by which they laid out Nevada street; but the street was not equidistant from Eleventh and Twelfth streets—that is to say, it was found, upon a survey of the latter streets, that Nevada street did not run through the middle of the block; that in 1865 the City and County of San Francisco caused a new block book to be prepared, in which Nevada street was laid down as described in the covenant above referred to, and not through the middle of the block; that in 1866 the city and county adopted an official map of the city, on which Nevada street is de-

lineated as in said block book, and has let a contract for the grading and macadamizing of the street.    The prayer of the complaint is that Nevada street be adjudged to be a public street, and to run from Folsom street to Harrison street, through the middle of block number nine, and that the contractor be enjoined from proceeding with his work. The judgment is that Nevada street is a public street, and that it be so located that the center line shall be equidistant from Eleventh and Twelfth streets, and that buildings and other obstructions be removed from the street thus located, and that the defendants be enjoined from obstructing said street.

It is apparent from the complaint that the tenants in common of the block did not, by their covenant, lay out Nevada street through the middle of the block, although they may have intended so to do; and it is also apparent that the authorities of the city and county located and established the street, not through the middle of the block, but in the position described in the covenant.  The purpose of the action, and the effect of the judgment, is to locate Nevada street so that it will run through the middle of the block.    If the action be regarded as an action to change the location of the street as fixed by the authorities of the city and county, it cannot be sustained, for the Court does not possess such jurisdiction.    The power to lay out or change streets is in its nature legislative, and not judicial. The Legislature may itself perform those acts, or it may select such agencies for that purpose as it deems proper. Usually the requisite powers are conferred upon the authorities of the municipal government; but those powers, or some of them, may be devolved upon a Court.    In the latter case the proceedings are "special proceedings," and the Court possesses jurisdiction only by virtue of the

authority conferred by the Legislature, and does not derive it from any other source.

If the action be regarded as having for its purpose an adjudication that the space through the middle of the block was dedicated as a street by Montgomery and others, while tenants in common of the block, the judgment cannot be sustained. The covenant which was executed by those parties does not locate the street in that position; and until the covenant is reformed, so as to express the alleged intent of the parties, there is no basis for such adjudication. The Court has not adjudged that the covenant be reformed; nor is there sufficient evidence in the case to show that the parties intended to locate the street otherwise than as described in the covenant.

It is unnecessary to express any opinion as to whether the lapse of time since the execution of the covenant, or an acquiescence in the lines therein described, will bar the action; nor whether those deriving title from the tenants in common are bound, or could be affected by the agreement or intention of the parties to the covenant, differing from that which is expressed on the face of the covenant.

Judgment and order reversed, and cause remanded for a new trial.

Mr. Chief Justice WALLACE did not express an opinion.