[Civ. No. 1189.   First Appellate District.—November 26, 1913.]

## THIRD STREET IMPROVEMENT COMPANY (a Corporation), Appellant, v. ROBERT McLELLAND et al., Respondents.

ACTION FOR MONEY HAD AND RECEIVED—WRITTEN SETTLEMENT—ORAL EVIDENCE OF OMITTED ITEM.—Where it is shown, in an action for money had and received by the defendants for the use and benefit of the plaintiff, that the parties made a settlement in writing, parol evidence is not admissible that prior to the written settlement the plaintiff paid the defendants five hundred dollars which, by inadvertence, was not entered in the books of the plaintiff, and consequently was not taken into consideration in the negotiations for settlement, nor had the plaintiff received credit for the same.

ID.—ORAL NEGOTIATIONS — MERGER IN WRITTEN SETTLEMENT.—The moment it appeared that the parties had stated their account in writing, a presumption arose that the payment of the five hundred dollars made prior thereto, together with all previous oral negotiations, were merged in the written agreement.

ID.—MISTAKE IN SETTLEMENT — AMENDMENT OF COMPLAINT SO AS TO HAVE CONTRACT REFORMED.—But it was reversible error to refuse the plaintiff leave to amend its complaint by adding a count thereto, in which to allege the mistake of fact in the agreement of settlement, and praying for the reformation of the contract and the recovery of the five hundred dollars overpaid.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. B. V. Sargent, Judge presiding.

The facts are stated in the opinion of the court.

Frohman & Jacobs, for Appellant.

Peter A. Breen, and Arthur W. Perry, for Respondents.

KERRIGAN, J.—This is an appeal from a judgment of nonsuit. The action was for money had and received by the defendants for the use and benefit of the plaintiff. The answers of the defendants denied the receipt of the money.

Upon the trial of the case the secretary of the corporation plaintiff testified that the defendants, as copartners, erected a

23 Cal. App.—24

building for the plaintiff in San Francisco, and that at or about the time of the completion of the building there was an agreement of settlement in writing between the parties. This agreement was introduced in evidence and consisted of an itemization of sums paid by plaintiff to the defendants and an agreement as to the mode of payment of the balance still remaining due, the amount of which was found and fixed by the writing. The witness testified that the balance so agreed upon was subsequently paid. He also testified that about four months prior to entering into the written settlement the plaintiff paid to the defendants the sum of five hundred dollars which, by inadvertence, was not entered in the books of the plaintiff, and consequently was not taken into consideration in the negotiations for settlement, nor had the plaintiff received credit for the same. This testimony was objected to by the defendants, but was admitted by the court subject to a later ruling; and upon the plaintiff closing its case the defendants renewed their objection to and moved to strike out all testimony relating to the payment of this five hundred dollars upon the ground that it was incompetent, irrelevant, and immaterial; that the said payment was made prior to the making of the account stated; that it was an attempt to correct the written account stated by parol in the absence of proper pleading for that purpose; and that the account stated was conclusive upon all matters embraced within it, and moved for a nonsuit upon the ground that plaintiff had failed to prove the allegations of its complaint. The court granted the motion to strike out and also the motion for a nonsuit, and as before stated, it is from the judgment entered thereupon that plaintiff appeals.

After argument of the motion to strike out and for an order of nonsuit the plaintiff asked leave to amend its complaint by adding a count thereto in which it would allege the mistake of fact in the agreement of settlement, and pray that the contract be reformed, and for the recovery of the five hundred dollars overpaid. This motion was also denied.

In support of its appeal plaintiff claims that the court erred in striking out the testimony admitted subject to the objection; that it also erred in refusing permission to amend the complaint, as also in its order granting defendant's motion for nonsuit.

Under the issues framed by the pleadings the testimony stricken out by the court was clearly inadmissible for the reasons stated in the objection thereto. "When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore there can be between the parties and their representatives, or successors in interest, no evidence of the terms of the agreement other than the contents of the writing, except in the following cases:

"1. Where a mistake or imperfection of the writing is put in issue by the pleadings." (Code Civ. Proc., sec. 1856.)

"The execution of a contract in writing whether the law requires it to be written or not, supersedes all negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument." (Civ. Code, sec. 1625.)

A contract which does not express the intention of the parties cannot be enforced according to their intention without first reforming it to make it express such intention. (*Kittle et al. v. Duncan*, 46 Cal. 342, 346; *Irving v. Cunningham*, 66 Cal. 15, [14 Pac. 766].) The written contract must control as to all the terms expressed in it; and if there is any difference between it and the oral contract the written document must be referred to in order to preserve the rights of the parties. (*Linton v. Unexcelled Fireworks Co.*, 128 N. Y. 672, [28 N. E. 580].)

In the case of *Bush v. Tilley*, 49 Barb. (N. Y.) 599, the rule is thus stated: "If the alleged previous oral arrangement is declared upon as the subsisting agreement . . . the subsequent agreement duly executed, the moment it is presented in evidence, destroys the oral one and takes away its character as an agreement entirely."

In the case at bar, the moment it appeared that the parties had stated their account in writing, a presumption arose that the payment of the five hundred dollars made prior thereto, together with all previous oral negotiations, were merged in the written agreement.

Coming now to the main point in the case, we think the court, in the exercise of a sound discretion, should have permitted the proposed amendment and that its denial must be regarded as an abuse of discretion. The case for the plain-

tiff was very brief; the defendants did not claim to be taken by surprise, or ask for a postponement, or the imposition of terms. Nor does it appear that if the account were ordered corrected and reformed a complete readjustment or a wholly new settlement would be necessary. Apparently all that would follow if plaintiff established its case would be to give it judgment for the five hundred dollars sued for. The defendants seemed to rely wholly on the theory that the proposed amendment would wholly change the cause of action, and that the trial court therefore was without any power to permit it. We do not think this is the correct view. Plaintiff in the proposed second count of the complaint would be merely alleging in effect the facts of the case as disclosed by the evidence, which facts, if the court found them to be true, would entitle the plaintiff to recover what it sought to obtain by the original complaint, i. e., the five hundred dollars overpaid the defendants by reason of a mistake of fact. In both counts the cause of action would be the same, viz.: the recovery of the five hundred dollars paid by the plaintiff to the defendants through an oversight or mistake. The allowance of the amendment would not change the cause of action, but would merely permit the pleading of the appropriate allegations—which may be done. (*Frost* v. *Witter,* 132 Cal. 421, [84 Am. St. Rep. 53, 64 Pac. 705] ; *Born* v. *Castle,* 22 Cal. App. 282, [134 Pac. 347].) The purpose of the law allowing amendments is of course to permit the correction of errors and omissions on the part of a pleader; and, since it cannot be successfully denied that the plaintiff, in its original complaint, could have properly sought a reformation of the contract, and, if reformed, a recovery thereon as reformed (34 Cyc. 994, 999; 24 Am. & Eng. Ency. of Law, p. 615; 4 Pomeroy's Equity Jurisprudence, 1376; *Walsh* v. *McKeen,* 75 Cal. 519, [17 Pac. 673] ) ; and as it appears also that the defendants would in no way have been prejudiced by permitting the amendment in presenting their defense, it follows, it seems to us, that the court erred in disallowing the proposed amendment.

The judgment is reversed.

Lennon, P. J., and Richards, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 26, 1913, and a petition to have the cause heard in the supreme court after judgment in the district court of appeal, was denied by the supreme court on January 23, 1914.