[Civ. No. 2716.   Second Appellate District, Division One.—February 27, 1919.]

## S. J. WHITE, Appellant, v. B. S. GREENWOOD et al., Respondents.

[1] VENDOR AND VENDEE — EXCHANGE OF RANCH AND PERSONAL PROPERTY—FRUIT TRAYS "NOW" SITUATED ON PROPERTY—CONSTRUCTION OF CONTRACT.—A contract for an exchange of a ranch and "all the following described personal property now situate" thereon, describing, among other things, "all trays and boxes," included only fruit trays on the ranch at the date of the contract and did not include fruit trays which at the time of the contract were, and for a period of a year or more had been, in the possession of a third party on another ranch.

[2] ID.—CONTRACT UNAMBIGUOUS AND WITHOUT UNCERTAINTY — CONSTRUCTION—ASSUMPTION OF MORTGAGE.—The contract being unambiguous and without uncertainty, the fact that in making the exchange the defendants assumed and agreed to pay as a part of the consideration on their part for the whole property an existing mortgage on the trays is unimportant as a means of interpretation.

[3] ID.—CONTRACT IN WRITING—RULE OF INTERPRETATION—INTENTION. When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible.

APPEAL from a judgment of the Superior Court of Kings County.   M. L. Short, Judge.   Reversed.

The facts are stated in the opinion of the court.

W. R. McQuiddy for Appellant.

Harris & Hayhurst and John G. Covert for Respondents.

SHAW, J.—This controversy grows out of a contract made by the parties for an exchange of real and personal property whereby defendants claimed plaintiff sold and agreed to deliver to them, with the ranch so conveyed, some two thousand fruit trays which at the time of the making of the contract were, and for a period of one year or more had been, in the possession of a third party upon another ranch and which trays defendants thereafter took into their possession.

40 Cal. App.—8

Findings were waived and the court gave judgment for defendants, from which plaintiff appeals.  Upon the record the only rulings that can be considered are those involving the interpretation of the written contract between the parties, and the admission and rejection of certain testimony.  The clause of the contract upon which respondents relied and which the court construed as entitling them to the trays is as follows:

"The following described personal property now situate upon said real property in Kings County is to go with the said property in this transfer and to be considered a part of the same, to-wit: Four mules and harness for the same, one spraying outfit and its truck, all trays and boxes, two (2) sows, one (1) cow, one section harrow, one rotary harrow, two twelve-inch plows, one ten-inch plow, one small gang plow, one four-horse wagon, capital wagon, one vineyard truck, all tree props and hooks, all hay in barns, all panels and woven wire fences now on the ranch, also one light buggy, yellow gear."

[1]  In construing the contract to include the two thousand trays in question the court erred.  By the express terms thereof the only personal property which was to go with the realty so agreed to be conveyed was "the following described personal property *now situate upon said real property* in Kings County."  The word "now" had reference to the date of the contract, at which time there was pointed out to the defendants for their inspection several thousand fruit trays piled upon the dry ground.  They were not led to believe and, since they had no knowledge that plaintiff owned the two thousand trays elsewhere located, could not have believed that they would receive other than the trays on the ranch.  If one contracts to buy a ranch with all the cattle thereon, his right to such livestock would, in the absence of a fraudulent removal, be restricted to those located thereon at the date of the making of the contract.  He could not be heard to insist that such contract included cattle elsewhere located, because owned by the vendor.  In our opinion, there is no ambiguity in the contract, but, conceding it ambiguous, there is nothing in the evidence which, upon applying the rules for interpretation found in title III of the Civil Code, could justify the conclusion of the trial court in the interpretation thereof.  [2]  It is true that in making the purchase defendants assumed and agreed to pay, as a part of the purchase money of the whole property transferred, an existing mortgage on the trays, num-

bering in all approximately fifteen thousand, but such fact is unimportant as a means of interpretation. It cannot be said that merely because one, as part of the consideration of a purchase, assumes and agrees to pay a mortgage on personal property, he is entitled to the property. [3] There is no uncertainty in the contract, and, applying the rule that "when a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible . . . , " we have no difficulty in reaching the conclusion that the court erred in construing the contract to cover and include the two thousand trays owned by plaintiff and located elsewhere than on the ranch so conveyed by plaintiff to defendants. This view renders it unnecessary to discuss other alleged errors.

The judgment is reversed.

Conrey, P. J., and James, J., concurred.