[Civ. No. 3377. Second Appellate District, Division Two.—May 24, 1921.]

## S. J. WHITE, Appellant, v. B. S. GREENWOOD et al., Respondents.

[1] VENDOR AND VENDEE—OWNERSHIP OF FRUIT TRAYS—EXCHANGE OF LANDS—EVIDENCE—CONTRACT.—In this action for the conversion of certain fruit trays growing out of an exchange of lands and certain personal property thereon, the finding that the trays, which were not on the land of the plaintiff at the time of the exchange but on the land of a third party, were omitted from the contract by mistake is not supported by the evidence, and the contention that the trays were a part of the exchange because they were a necessary part of the equipment of the property is not sustained by the contract.

[2] APPEAL—FINDINGS—EVIDENCE.—While a finding will not be disturbed on appeal if there is a substantial conflict in the evidence

from which it springs, the evidence, in order to raise a conflict, must be such as to present a fair and reasonable ground for a difference of opinion.

[3] CONTRACT—REFORMATION.—A contract which does not express the intention of the parties cannot be enforced according to their intention without first reforming it to make it express such intention.

[4] CONVERSION—PLEADING—COUNTERCLAIM.—Where plaintiff and defendant exchanged lands and certain personal property thereon, and plaintiff sued defendant for the conversion of certain fruit trays which he claimed were not included in the transaction and which defendant claimed were omitted by mistake, a counterclaim by defendant for reimbursement on account of the payment of past due interest on a mortgage assumed by him as a part of the exchange is unauthorized under section 438 of the Code of Civil Procedure, since the counterclaim did not arise out of the conversion, and since it sounds in contract, while the conversion sounds in tort.

APPEAL from a judgment of the Superior Court of Kings County. H. Z. Austin, Judge Presiding. Reversed.

The facts are stated in the opinion of the court.

W. R. McQuiddy for Appellant.

Harris & Hayhurst and John G. Covert for Respondents.

WORKS, J.—This is an action for the conversion of two thousand fruit trays, in which the defendants presented a counterclaim for one hundred dollars. The defendants had judgment that plaintiff take nothing and, also, judgment as prayed for under the counterclaim. The plaintiff appeals.

Appellant was the owner of real property in Kings County and respondents owned real property in Fresno County. They entered into a written agreement for the exchange of their respective holdings, as well as for the exchange of certain personal property. We set forth the portion of the instrument which is of present interest, our italics showing the particular language bearing upon the question we are to determine:

"The following described personal property *now situated upon said real property in Kings County is to go* with said property in this transfer and to be considered a part of the same, to wit: four (4) mules and harness for the

same; one spraying outfit and its truck; *all trays and boxes;* two (2) sows; one (1) cow; one section harrow; one rotary harrow; two twelve-inch plows; one ten-inch plow; one small gang plow; one four-horse wagon; capitol wagon; one vineyard truck; all tree props and hooks; all hay in barns; all panels and woven wire fences now on the ranch; also one light buggy, yellow gear.''

At the time of the exchange of properties between the parties appellant was the owner of two thousand fruit trays which had been formerly used on the ''said real property in Kings County,'' but they were then on a certain ranch which was the property of one Marlow, who had rented or borrowed them from appellant. After the exchange respondents took possession of these trays, claiming title to them under the agreement for exchange. Appellant then commenced this action for the conversion of the two thousand trays.

In their amended answer respondents allege, ''as a counterclaim,'' that at the time the agreement for exchange was executed, the parties intended that all the trays which had been used in connection with the Kings County place, including the two thousand, were to be sold and delivered to respondents, but by mistake of the parties the trays were described as those then on the premises and that appellant at the time well knew that respondents understood that the two thousand trays were included in the exchange. In their briefs the parties treat this allegation as if it were interposed as a defense to the complaint, instead of being put forth merely as matter in support of the counterclaim, and we shall likewise so consider it. The trial court found with respondents on the issue of mistake and appellant insists that the finding is not supported by the evidence.

Appellant testified at the trial, on cross-examination by respondents' counsel, that the two thousand trays had not been sold to respondents and that he, appellant, had not understood that they were included in the trade. The testimony of respondent B. S. Greenwood was that, at the time the exchange was negotiated, he asked appellant how many trays he had and the answer was seventeen thousand. The witness then remarked: ''That was really all that was said regarding the trays until we drew the contract.'' The

examination then proceeded: "Q. Well, how many trays did you actually find on the place including these two thousand? A. Around fifteen thousand"; and, after the witness had stated his "understanding" at the time the contract was made, ruled out as a conclusion, this transpired: "Q. What do you mean by your understanding? Where did you get your understanding? A. All I got was from what Mr. White said in regard to the number. ... Q. I will ask you . . . if Mr. White ever at any time mentioned the fact that he had rented these trays out to a neighbor and they were not right at that time on his ranch? A. No, sir. . . . Q. How many trays were actually on the ranch when you went on it? A. About thirteen thousand. Q. These two thousand would make fifteen thousand. A. About fifteen thousand; I never counted them exactly, but I would simply judge by what I had rented out and the counts that were made by the parties who hauled them away; after I went on the ranch."

A circumstance which respondent points to as aiding to support the finding that there was a mistake in this: At the time of the exchange of properties a certain third person held a mortgage on the trays, both those on appellant's Kings County ranch and the two thousand in the Marlow place. Under the agreement for exchange respondents assumed and agreed to pay this obligation and they afterward did pay it. Respondents also contend that the two thousand trays were a necessary part of the equipment of appellant's ranch and that they went with the land in the exchange for that reason; and appellant did testify that he "had to use them in connection with" the place.

[1] We can see no evidence in the record supporting the finding of mistake. The testimony which we have quoted tends to show neither "a mutual mistake of the parties" nor "a mistake of one party, which the other at the time knew or suspected" (Civ. Code, sec. 3399). In considering the fact that respondents agreed to pay the outstanding mortgage on the trays, including the two thousand, we need only refer to the language of the court (*White* v. *Greenwood,* 40 Cal. App. 113 [180 Pac. 45]), in disposing of the cause on a former appeal: "It cannot be said that merely because one, as part of the con-

sideration of a purchase, assumes and agrees to pay a mortgage on personal property, he is entitled to such property.''

The contention of respondents that the two thousand trays were a part of the exchange because they were a necessary part of the equipment of appellant's property deserves a more particular mention. It may be that the parties intended that the entire equipment of the ranch should be included in the exchange, but the evidence does not show that fact. If it did, the situation might be different. The portions of the record referred to in the briefs as bearing upon the question of mistake are very meager. Considering that fact and considering that this is the second appeal of the cause, we have not been content with relying upon counsels' references to parts of the record, but have read it in full with great care. The references in the briefs to the testimony upon the question of mistake are meager because the testimony on the subject is scant, is almost negligible. The exchange contracted for between the parties was an important one. The real properties involved were of considerable value. On both sides they were subject to various encumbrances. The agreement is long, comprising over eight pages in the typewritten record, and it was evidently prepared with care. In short, the nature of the transaction was such that, of necessity, the parties must have gone through an extended negotiation in order to bring it to a culmination. On the trial they were entitled to go fully into the negotiations in order to aid the trial court in determining whether there was a mistake in the matter of the trays. It is unfortunate that they did not do so, whatever the result may have been.

We have gone over the entire agreement for exchange in an endeavor to ascertain the true state of affairs, but, with the exception of a single clause which we shall mention below, the instrument throughout seems to evince an intent to carry into the exchange only the personal properties actually on the appellant's ranch, as well as on a ranch of respondents which figured in the exchange. The agreement first describes the ranch owned by appellant; following that it describes the properties of respondents, lying in two parcels. It then provides that the parties

"agree to exchange their respective properties with each other upon the following terms and conditions." The reference to their "respective properties" plainly contemplates the realty, as personalty has not yet been mentioned, the consequence being that the exchange of the personal property was but an incident to the transfers of the real property. The instrument then recites that the "Property together with the personal property thereon, as hereinafter enumerated," and belonging to appellant, was of a certain value. Then follows a listing of the various encumbrances on both sides and provisions for their disposition and for the giving of new mortgages. Next comes the paragraph set forth in the early part of this opinion, followed by several other paragraphs on various subjects. At the close of the agreement is a paragraph to the effect that "the following is a description of the personal property situated upon said forty acres in Fresno County, agreed to be conveyed by" respondents "and which goes with said property and is to be considered a part, to wit: One mower; one cultivator." This last provision is of considerable significance, for it is not to be supposed that these two implements were the entire personal property equipment of the forty acres.

We have above mentioned a single clause in the agreement which is favorable to the contention of respondents. It is recited that the mortgage on the trays, which respondents assumed and agreed to pay, was "on the trays on said premises," meaning the Kings County ranch of appellant, although, as already noted, it actually covered the two thousand trays on the Marlow place. This single recital cannot avail respondents. It is of no weight whatever when placed beside the plain and positive provisions of the agreement to the effect that the personalty exchanged was at the time of the execution of the instrument actually situated upon the ranch. **[2]** While a finding will not be disturbed on appeal if there is a substantial conflict in the evidence from which it springs, "the evidence, in order to raise a conflict, must be such as to present a fair and reasonable ground for a difference of opinion" (*Field v. Shorb*, 99 Cal. 661 [34 Pac. 504]; *Felsenthal v. Warring*, 40 Cal. App. 119 [180 Pac. 67]). The matter we are now discussing comes within this rule.

We are convinced, on the whole, that the record fails to show a mistake. The finding of the trial court on that issue is without support in the evidence.

As the cause must be remanded, it is proper now to notice a state of the record which is not mentioned in the briefs and which will effect the conduct of the cause on a retrial, if a retrial is to be had. Laying aside the point that the allegation of mistake in the amended answer is apparently made in support of the counterclaim only, a circumstance which we have already pointed out, it is to be noted that the pleading contains no prayer for a reformation of the agreement for exchange because of the alleged mistake. If we overlook that circumstance and concede that relief which is not prayed for in a pleading may be granted if the facts alleged will warrant, we are to note that here there is no judgment for reformation. [3] "A contract which does not express the intention of the parties cannot be enforced according to their intention without first reforming it to make it express such intention" (*De Witt* v. *Duncan*, 46 Cal. 342; *Third Street Imp. Co.* v. *McLelland*, 23 Cal. App. 369 [137 Pac. 1089]). This circumstance alone necessitates a reversal, but we have thought it best first to pass upon the sufficiency of the evidence upon the question of mistake, as much that we have said on that subject will be useful on a retrial, and, further, because the point we now present was not raised by counsel.

[4] We now consider the judgment rendered in favor of respondents upon their counterclaim. The agreement for exchange of properties required respondents to pay a certain mortgage outstanding against appellant's property and interest falling due thereon after a particular date, appellant to pay interest due before that date. Respondents' counterclaim is based upon the alleged payment of one hundred dollars as and for interest accrued prior to the date mentioned and seeks from appellant a reimbursement in the amount named.

Under the Code of Civil Procedure, section 438, a counterclaim may be filed only, first, upon a cause of action arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action; second, on a cause of ac-

tion arising upon contract and existing at the time of filing the complaint, where the complaint is also upon an action arising on contract. The alleged counterclaim of respondents is not within either of these classes. It does not come within the first, because the transaction upon which the action is based is the conversion of the fruit trays, and either the trays themselves or the facts constituting appellant's cause of action for their recovery are the subject of the action (34 Cyc. 688). The counterclaim does not arise out of that transaction, nor is it connected with that subject of action. It does not come within the second, because the action of conversion sounds in tort (26 R. C. L., p. 1098, par. 3; *French* v. *Robbins*, 172 Cal. 670 [158 Pac. 188]), while the alleged counterclaim sounds in contract, being based upon the implied promise of appellant to reimburse respondents for the payment they claim to have made.

The judgment is reversed and the cause is remanded for further proceedings in accordance with this opinion.

Finlayson, P. J., and Craig, J., concurred.