516        APPELLATE COURTS OF ILLINOIS.

Grand Lodge K. of P. et al. v. Fidelity & Deposit Co., 223 Ill. App. 516.

## Grand Lodge Knights of Pythias, Grand Domain of Illinois, Appellee, v. Fidelity & Deposit Company of Maryland, Appellant.

1. INSURANCE—*when misrepresentation will avoid contract.* A misrepresentation of a material fact, in reliance upon which a contract of insurance is issued, will avoid the contract.

2. INDEMNITY—*when false statement in application will not avoid bond.* Where a statement in an application for an indemnity bond is known by the insurer to be false and is incorporated in the application by an officer of the security company with full knowledge of its falsity, the false statement will not avoid the bond issued upon such application.

3. INDEMNITY—*when false statements in application will not avoid bond.* False statements in an application for an indemnity bond, made by way of inducement and not material to the risk, and which are not intended as warranties, are mere representations and, if honestly made in the belief that they are true, will not be binding upon the assured and will not avoid the bond.

4. INDEMNITY—*when statements in application for bond are express warranties.* Statements made in an application for an indemnity bond which represent the past or present existence or nonexistence of some condition or state of facts material to the risk to be incurred are express warranties, and, if they be false or there is a breach of such warranty, the insurer is absolved from liability upon the bond.

5. INDEMNITY—*when representations in application for bond are promissory warranties.* Representations in an application for an indemnity bond, relative to the future conduct of insured, which are material to the risk relative to the responsibilities and supervision of the risk are promissory warranties, a faithful compliance with which is necessary to a recovery upon the bond.

6. INDEMNITY—*rules for construing insurance contracts as applicable to bond.* An indemnity bond given by an officer of a fraternal society is, in effect, an insurance contract and as such is subject to the rules of construction applicable to insurance contracts generally.

7. INSURANCE—*how contracts of guaranty insurance are to be construed.* Contracts of guaranty insurance are made for the purpose of furnishing indemnity to the assured and should be liberally construed for the accomplishment of that purpose.

8. INSURANCE—*duty of court in construing policy.* In construing a policy of insurance, it is the duty of the court to consider the

instrument as a whole and to ascertain, if possible, the intention of the parties from the written words used by them, taking into consideration the situation of the parties, the nature of the subject-matter and the purpose sought to be accomplished.

9. INSURANCE—*how ambiguity in policy is to be construed.* Any ambiguity in an insurance policy which is in the language of the insurer should be favorably construed in behalf of the insured.

10. INDEMNITY—*when answer in application for bond does not constitute warranty.* Where the officers of a surety company had full knowledge that the risk had been rejected as an applicant for a similar indemnity bond by another company but nevertheless wrote "no" into the application to the question concerning that fact, such answer did not constitute a warranty, the falsity of which would absolve the company from liability upon the bond.

11. INDEMNITY—*when answer in application for bond does not constitute promissory warranty.* An answer in an application for an indemnity bond that the funds were deposited in a certain bank did not constitute a promissory warranty so as to make a subsequent withdrawal of the funds and their deposit in different banks a breach of warranty which would discharge the insurer from liability.

12. INDEMNITY—*when insurer liable on bond.* Where answers in an application for an indemnity bond that the risk was not empowered to draw checks payable to himself upon the funds in his custody were true when made and there was no evidence that his duties were ever changed by insured, the insurer was liable upon the bond for money obtained and embezzled by the risk by drawing checks to himself.

Appeal from the Circuit Court of Macoupin county; the Hon. FRANK W. BURTON, Judge, presiding. Heard in this court at the October term, 1921. Affirmed. Opinion filed January 4, 1922. *Certiorari* denied by Supreme Court (making opinion final).

JESSE PEEBLES, for appellant.

J. B. VAUGHAN and JOHN J. REEVE, for appellee.

MR. JUSTICE HEARD delivered the opinion of the court.

March 15, 1919, Paul J. B. Haverly was installed as Grand Keeper of Records and Seal, Grand Lodge Knights of Pythias, Grand Domain of Illinois, a fraternal order, to fill a vacancy caused by the death of Henry P. Caldwell, who had been the regular incum-

bent of that office. Prior to his installation into such office, Haverly gave to appellee an indemnity bond in the sum of $15,000 with appellant, a Maryland corporation, with a branch office in Chicago, Illinois, as surety.

Haverly entered upon the performance of the duties of his office and upon the 6th day of August, 1919, he absconded. An examination of his accounts as such officer of appellee by an audit company showed a shortage of $49,138.54.

Notice was given appellant of such defalcation and demand made for payment of the indemnity bond. Payment being refused by appellant, suit was instituted upon the bond by appellee against appellant in the circuit court of Macoupin county.

A trial by jury was waived and the cause being tried before the court resulted in a judgment for appellee against appellant for $16,062.50 and costs of suit, the judgment being for the full amount of the bond with interest thereon. From this judgment appellant has appealed to this court.

Prior to the execution of the bond by appellant, a written application therefor was made to appellant by Haverly and this application was accompanied by a written statement of Smith L. Von Fossen, the grand chancellor or head of the order to whom the bond was given, with reference to the duties and responsibilities of Haverly as such officer. The application of Haverly and the statement of Von Fossen were made at the Chicago office of appellant and were made upon blanks of appellant regularly used for such purpose. The statements are partly in the shape of questions and answers, the questions being asked and the answers written in the blanks by an officer of appellant.

The bond contained the following provision: "Whereas, the Employer has delivered to the Fidelity and Deposit Company of Maryland, A corporation of the State of Maryland, hereinafter called the 'Com-

pany,' certain statements in writing relative to the Employe, his conduct, duties, employment and accounts, the manner of conducting the business of the Employer and other things connected with the issuance of this bond, which together with any other statements in writing hereafter made by the Employer to the Company relating to any such matters, do and shall constitute the basis and form part of this contract, and shall be warranties.''

It is contended by appellant that these statements of Haverly and Von Fossen constitute warranties on the part of appellee; that such warranties were promissory warranties; that there had been a breach of such warranties by appellee and that by reason thereof appellant was absolved from liability upon the bond.

The law is well settled in its application to insurance contracts that a misrepresentation of a material fact, in reliance upon which a contract of insurance is issued, will avoid the contract. *United States Fidelity & Guaranty Co. v. First Nat. Bank of Dundee*, 233 Ill. 475; *Wilce Co. v. Royal Indemnity Co.*, 289 Ill. 383.

It is not true, however, that every false statement in an application for an insurance policy will avoid a policy based upon such application. Statements contained in an application for an indemnity bond may be divided into four classes: 1—Where the statement is known to the insurer to be false and is incorporated in the application for bond by an officer of the security company, with full knowledge of its falsity, in which case the false statement will not avoid the bond issued upon such application. 2—False statements made by way of inducement not material to the risk, and which are not intended as warranties are called representations, and such answers, if honestly made in the belief that they were true, will not be binding upon the assured and will not avoid the indemnity bond.

3—Statements which represent the past or present existence or nonexistence of some condition or state of facts material to the risk to be incurred are called expressed warranties, and if such statements be false or there is a breach of such warranty, the insurance company is thereby absolved from liability upon the bond. 4—Promissory warranties which are representations material to the risk relative to the future conduct of the insured in respect to the duties, responsibilities and supervision of the risk where faithful performance of duty to the insured is covered by the policy. A faithful compliance with such representations is necessary to a recovery upon the bond.

In *Minnesota Mut. Life Ins. Co. v. Link,* 230 Ill. 276, the court said: "Whether the alleged false answers are warranties or mere representations is a question to be determined from the construction of the contract, which should be in accordance with the expressed intention of the parties."

The bond in question is, in effect, an insurance contract, and as such is subject to the rules of construction applicable to insurance contracts generally. *People v. Rose,* 174 Ill. 310.

In construing any instrument, the purpose for which it is made should be kept in mind. Contracts of guaranty insurance are made for the purpose of furnishing indemnity to the assured and should be liberally construed for the accomplishment of that purpose. *American Surety Co. of New York v. Pauly,* 170 U. S. 133.

In construing a policy of insurance, it is the duty of the court to consider the instrument as a whole and to ascertain, if possible, the intention of the parties from the written words used by them, taking into consideration the situation of the parties, the nature of the subject-matter with which they are dealing and the purpose sought to be accomplished. *White v. Green-*

*wood,* 40 Cal. App. 113, 180 Pac. 45; *Raleigh Lumber Co. v. Wilson,* 69 W. Va. 598; *Hunter v. Golf Production Co.* (Tex. Civ. App.), 220 S. W. 163; *Dick v. Goldberg,* 295 Ill. 86.

In construing an insurance policy, if there is any ambiguity and the language found in the policy is that of the insurer and not of the insured, it should be favorably construed on behalf of the insured so as not to defeat a recovery in favor of the insured. *Wilkinson v. Ætna Life Ins. Co.,* 240 Ill. 205; *Clark & Co. v. Fidelity & Casualty Co. of New York,* 220 Ill. App. 576.

In *Julius v. Metropolitan Life Ins. Co.,* 299 Ill. 343, it is said: "If there is any ambiguity in an insurance policy it is the fault of the insurance company. It prepares the contract and the language used in the contract is its language. If that language is susceptible of two interpretations, that one will be adopted which is most favorable to the insured in order to indemnify him for the loss he has sustained."

Applying the rules above stated, we must hold that appellant is not absolved from liability on the bond by Haverly's statement in his application that his application for a fidelity bond had never been declined. The evidence shows that prior to making application for the bond in question Haverly had applied to the officers of the American Surety Company in Chicago for his official indemnity bond to appellee. The evidence also shows that Haverly's application to appellant was made personally to the manager and assistant manager of the surety department of appellant; that the manager of appellant asked the questions contained in the application and the statement of Von Fossen; that the answers of Haverly and Von Fossen were taken down by the manager in his handwriting, by him condensed and then copied into the application, and statements were then copied upon the typewriter by some clerk in appellant's office. The evi-

522 APPELLATE COURTS OF ILLINOIS.

Grand Lodge K. of P. et al. v. Fidelity & Deposit Co., 223 Ill. App. 516.

dence further shows that at the time of making such application these officers of appellant were informed that the American Surety Company had just declined Haverly's application for a bond identical with the one for which Haverly was then applying to appellant and that with full knowledge of the falsity of the answer wrote the answer "no" and now claim this answer as a warranty and that the falsity of this statement absolves appellant from liability upon the bond.

With this construction we cannot agree. Without passing on the question of whether or not a false statement made to the insurer by the person whose honesty is sought to be insured, not known to the person to be indemnified to be false, would be a defense to the indemnity bond, we hold that where the false statement is written in the application or accompanying statement by an officer of the indemnity company with full knowledge of its falsity, the falsity of such statement will not operate to absolve the indemnity company from liability upon the bond. *Germania Fire Ins. Co. v. Hick*, 125 Ill. 361.

After the installation of Haverly into his office, a large amount of the funds of appellee were withdrawn from the Central Trust and Savings Bank and deposited in the Fort Dearborn National Bank and Harris Trust and Savings Bank, some of which funds were later converted by him to his own use.

It is contended by appellant that the question and answer: "Q. Where are the funds deposited? A. Central Trust and Savings Bank," contained in Von Fossen's statement, constitute a promissory warrant and that the withdrawal of the funds and their deposit in other banks was a breach of such warranty and discharged appellant from liability upon the bond. That this was an express warranty of an existing fact and not intended as a promissory warranty is evidenced by the fact that by the third clause of the rider, which is a part of the indemnity bond, the bond is extended

to cover loss through the failure of any bank or trust company wherein are deposited funds for which Haverly was responsible to appellee.

Haverly on August 6, 1919, deposited a cashier's check for $30,000 with the Harris Trust and Savings Bank and on that same day drew two checks upon this bank, one for $18,815 and one for $20,405, which checks were both paid by the bank to Haverly in cash, with which Haverly absconded.

It is contended by appellant that the facts above stated constitute a breach of promissory warranties claimed to have been made by the following questions and answers of Von Fossen in the statement above mentioned:

"Q. Is applicant empowered to draw or check upon such deposits? A. Only checks to the Credit of the Master of Exchequer in transmitting collections.

"Q. Will the applicant's duties involve the handling of securities or treasury assets, belonging to the Body or Association? A. No. Trustees handle that.

"Q. Is applicant allowed to make payments in cash from the funds of the association? A. No. All payments are made by voucher countersigned by me."

The information contained in these questions and answers was material to the risk, and that they were intended as promissory warranties is evidenced by the clause of the bond which provides that appellant "shall reimburse the Employer, to the extent of the sum of Fifteen Thousand ($15,000.00) and no further, for such pecuniary loss as the Employer shall have sustained by any act of larceny or embezzlement committed by the Employe after the 15th day of March, 1919; at noon, and while in the continuous employment of the Employer, and in the performance of the duties of said position, as such duties have been, or may hereafter be stated in writing by the Employer to the Company."

There is no question but what the answer and ques-

tion were true at the time made and there is no evidence in the record that the duties of Haverly's position were ever changed by appellee. While Haverly did draw checks payable to himself and absconded with the cash, there is no evidence in the record that Haverly was ever empowered or authorized by appellee so to do. While Haverly had the opportunity and physical ability to draw such checks, he had no right or authority to do so, and it was to cover just such acts and similar unauthorized acts, which his office gave him opportunity to perform, that an indemnifying bond was necessary.

The judgment of the circuit court was fully justified by the law and evidence and is affirmed.

*Affirmed.*